IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND T. QUIGLEY**, | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 24-1824 |
| **MARTIN O'MALLEY**, | : | |
| Commissioner of Social Security | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPINION**

SCOTT W. REID                                                         DATE: August 21, 2024
UNITED STATES MAGISTRATE JUDGE

Raymond Quigley filed this action under 42 U.S.C. §405(g) to obtain judicial review of the denial of his applications for Supplemental Social Security Income ("SSI") under Title XVI of the Social Security Act. The Commissioner of Social Security ("The Commissioner") filed a motion to dismiss the action for failure to state a claim, alleging that Quigley failed to exhaust his administrative remedies prior to filing the present action. (Doc. No. 17). For the reasons set forth below, I will grant the Commissioner's motion to dismiss the complaint.

1. **Procedural History**

On April 8, 2022, Quigley filed an application for SSI benefits under Title XVI of the Social Security Act. (Doc. No. 17 at 2). On July 20, 2022, the state agency denied Quigley's application. *Id.* Quigley did not file an administrative appeal on this application. *Id.* On March 13, 2024, Quigley again filed an application under Title XVI of the Social Security Act. *Id.* Quigley's second application is still pending an initial determination from the state agency. *Id.* On April 26, 2024, Quigley filed the present action in this Court. *Id.* On July 17, 2024, the Commissioner of Social Security filed a Motion to Dismiss for Failure to State a Claim, or, in the

1

Alternative, for summary judgment. (Doc. No. 17). The motion is supported by a sworn declaration by Ari Levin, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations for the Social Security Administration, asserting that Quigley has not pursued an administrative appeal on his first application and that the second application remains pending for an initial determination. (Doc. No. 17-1 at 2). The Commissioner argues that because Quigley failed to obtain a final decision of the Commissioner before filing suit in this Court, he has not exhausted his administrative remedies. *See generally,* Doc. No. 17. Thus, the Commissioner contends Quigley has not stated a claim ripe for judicial review in this Court and moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As the time to file a response to the Commissioner's Motion to Dismiss has passed, the Commissioner's Motion is ripe for review. E.D. Pa. L.R. 7.1.

2. **Standard of Review**

Title 42 U.S.C. §§ 405(g) and 1383(c)(3) provide the basis for judicial review of Social Security cases. "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C.A. § 1383(c)(3).

The Supreme Court has explained that Section 405(g) contains two separate elements: first, a "jurisdictional" requirement that claims be presented to the agency, and second, a "waivable . . . requirement that the administrative remedies prescribed by the Secretary be

2

exhausted." See *Smith v. Berryhill*, 587 U.S. 471, 477 (2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). This case involves "the latter, nonjurisdictional element of administrative exhaustion." *Id.* Before a claimant can obtain judicial review from the federal court, he must proceed through a four-step administrative process: (1) he must receive an initial determination as to his eligibility; (2) he must seek reconsideration of the initial determination; (3) he must request a hearing, which is conducted by an Administrative Law Judge ("ALJ"); and (4) he must seek review of the ALJ's decision by the Appeals Council. *Id.*; 20 CFR §416.1400. However, exhaustion of those steps may be waived by the agency, *see Weinberger v. Salfi*, 422 U. S. 749, 767 (1975), or excused by the courts in certain circumstances. *See Bowen v. City of New York*, 476 U. S. 467, 484 (1986); *Eldridge*, 424 U.S. at 330.

Because the requirements in 42 U.S.C. §§ 405(g) and 1383(c)(3) are "non-jurisdictional" and waivable, Federal Rule of Civil Procedure 12(b)(6) is the appropriate basis for a motion to dismiss for failure to exhaust administrative remedies. See *Cope v. SSA*, 532 Fed. Appx. 58, 60, n.2. (3d. Cir. 2013)(explaining that Rule 12(b)(6) is the appropriate standard for dismissal on non-jurisdictional and administrative grounds)(citing *Bowen*, 476 U.S. at 483 and *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must establish both sufficient facts to 'state a claim that is plausible on its face,' *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and the grounds for his entitlement to relief. *Papsan v. Allain*, 478 U.S. 265, 286 (1986). In this context, the court may consider both the allegations in Quigley's complaint and the "indisputably authentic documents" that the Commissioner has provided. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

Although complaints filed *pro se* deserve to be held to "less stringent standards than formal pleadings drafted by lawyers," they can be dismissed for failure to state a claim if it

3

appears "beyond doubt that the plaintiff can prove no set of facts in support his claim that would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The Commissioner included, in the alternative, a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Doc. No. 27 at 4). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because I will grant the Commissioner's motion to dismiss, an additional analysis under the summary judgment standard is unnecessary.

### 3. Discussion

This action must be dismissed because there is no decision ripe for review in this case. Quigley has not received a "final decision after a hearing," as required to fully exhaust administrative remedies to obtain judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). The sworn declaration in support of the Commissioner's motion asserts that Quigley has only received an initial determination on the first of his two applications and has not engaged with the remainder of the administrative process on either application. Quigley's complaint fails to allege any facts that establish a claim for judicial review or grounds for relief. And, as noted previously, Quigley did not respond to the Commissioner's motion and thus does not refute the Commissioner's assertions. Thus, I will grant the Commissioner's motion.

Waiver of the exhaustion requirement is not applicable in this case. Quigley has not provided any information establishing that the claims in the lawsuit are collateral to claims for benefits, that he would be irreparably injured by enforcement of the exhaustion requirement, and that exhaustion would have been futile to his case, as required by *Bowen*, 476 U.S. at 483-5.

Quigley has indeed filed for benefits but has not yet pursued his claims through the administrative process. Doing so may result in an award of benefits. Quigley's complaint is premature and must be dismissed.

4. **Conclusion**

Quigley has not exhausted his administrative remedies, and therefore this case is not ripe for a decision in this Court. I will grant the Commissioner's motion to dismiss the complaint without prejudice to allow for the Plaintiff to re-file a complaint in the event he exhausts all administrative remedies.

**BY THE COURT:**

 *s/Scott W. Reid*
**SCOTT W. REID**
**U.S. MAGISTRATE JUDGE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND T. QUIGLEY**, | : |
|        Plaintiff, | : |
| v. | : |
| | :   NO. 24-1824 |
| **MARTIN O'MALLEY**, | : |
| Commissioner of Social Security | : |
| | : |
|        Defendant. | : |
| | : |

# ORDER

**AND NOW** this 21st day of August, 2024, upon consideration of the Defendant's Motion to Dismiss the Complaint for failure to state a claim, it is **ORDERED** that the motion is **GRANTED** without prejudice. The Clerk of Court shall mark this case **CLOSED** for all purposes including statistics.

                                                        **BY THE COURT:**

                                                        *s/Scott W. Reid*
                                                        **SCOTT W. REID**
                                                        **U.S. MAGISTRATE JUDGE**